J. M. LEE, as Comptroller, v. BIGBY ELECTRIC COMPANY, INC.

186 So. 505.

Opinion Filed February 7, 1939.

*J. Velma Keen* and *H. O. Pemberton,* for Appellant; *Charles F. Blake* and *Carl H. Moseley,* for Appellee.

TERRELL, J.—The legislature of 1935 enacted Chapter

17178, Laws of Florida, the pertinent part of which is as follows:

"An Act to Impose a License Tax on Persons, Firms and Corporations Engaged in the Business of Constructing Certain Public Works and Providing for the Disposition of Funds Derived from such License.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF FLORIDA:

"Section 1. Every person, firm or corporation who, for a fixed price, commission, fee or wage, offers or bids to construct within the State of Florida any public building, highway, street, sidewalk, bridge, culvert, sewer or water system, drainage or dredging system, electric or steam railway, reservoir or dam, hydraulic or power plant, transmission line, tower, deck, wharf, excavation, grading or other improvement of structure, or any part thereof, the cost of which exceeds the sum of Fifty Thousand Dollars ($50,000), shall apply for and obtain from the Comptroller an annual State-wide license and shall pay for such license a tax of one thousand dollars ($1,000) prior to offering or submitting any bid on any of the above enumerated projects."

The Appellee, as Complainant, filed its bill of complaint in the Circuit Court of Hillsborough County, alleging that it was engaged in the electrical contracting business in Florida and had placed its bid for certain construction. The bill of complaint prayed that J. M. Lee, as Comptroller, be enjoined from attempting to enforce against it collection of the license fee required in the Act quoted. A temporary injunction was granted. A motion to dismiss the bill of complaint was presented and the temporary injunction was made permanent. From the latter decree, this appeal was prosecuted.

The Chancellor struck the Act down because of conflict

with Section Sixteen, Article Three of the Constitution in that the title and body were inconsistent and misleading. It will be observed that the title attempts to impose a license tax on all persons, firms, and corporations engaged in the business of constructing certain public works while the body of the Act imposes such a tax on all persons, firms, and corporations who offer to or bid for the construction of the public works described in the Act.

This Court has repeatedly held that Section Sixteen of Article Three of the Constitution was designed to prevent surprise, hodge-podge, and log rolling in legislation. The title and body of the Act unquestionably refer to the same class of contractors but the title purports to reach all engaged in the business while the body of the Act purports to reach only those who offer to bid on any project. The title might therefore cover a much larger class than the body but the ultimate effect of the latter is to reach only those who file a bid as the fee is required before the bid is filed.

The Act deals with but one subject matter and the element of surprise is present. The title and body of the Act are inconsistent. To require the payment of the fee for the mere purpose of bidding would be arbitrary and unreasonable and to exact the fee of only those who were the successful bidders would write something in the Act that the legislature expressed no purpose of doing. Not only that but it would in effect defeat other requirements of the law providing that public contracts be let to the lowest and best bidder as the exaction imposes an unreasonable burden.

We find no basis on which the title and body of the Act can be reconciled so the judgment below is affirmed

Affirmed.

WHITFIELD, BROWN, BUFORD, CHAPMAN, and THOMAS, J. J., concur.