233 So.2d 1 (1970)
Ruth B. ROULEAU, City Clerk and Finance Director of the City of Miami Beach, a Florida Municipal Corporation, and the City of Miami Beach, a Florida Municipal Corporation, Appellants,
v.
Stephen J. AVRACH, Appellee.
No. 38629.
Supreme Court of Florida.
March 11, 1970.
*2 Joseph A. Wanick, City Atty., and Ira M. Elegant, Asst. City Atty., for appellants.
Frankel & Avrach, P.A., Miami Beach, for appellee.
ADKINS, Justice.
This is an appeal from the Circuit Court of Dade County, which in final judgment held Chapter 18013, Laws of Florida (1937) to be constitutional, and which by writ of mandamus commanded the appellant City of Miami Beach and its City clerk to issue an occupational license to appellee Stephen Avrach, an attorney, without payment of the license tax which the City contends is due.
Ordinance 1717, City of Miami Beach, provides that the annual occupational license for an attorney shall cost $85.00. Chapter 18013 provides in the body of Section 2 that no municipal license tax in excess of $15.00 per year may be imposed by any municipality in counties of specified size, including Dade County. This case arose when the appellants, Ruth B. Rouleau, City Clerk and Finance Director, and the City of Miami Beach, attempted to secure payment of the $85.00 fee for a lawyer's occupational license from appellee Avrach, pursuant to Ordinance 1717. Avrach objected and filed a petition for writ of mandamus with the Circuit Court in Dade County, to compel the appellants Clerk and City to issue the license for a fee of $15.00, pursuant to Chapter 18013, which amended Chapter 17720, Laws of Florida (1937). Chapter 18013, if valid, is law superior to Ordinance 1717. The Circuit Court found Chapter 18013 to be constitutional, and commanded the City of Miami Beach to issue the annual occupational license to appellee on payment of the $15.00 fee. Appellants, contending the subject chapter and Chapter 17720 are unconstitutional, brought timely appeal from the Circuit Court's judgment and order. We have jurisdiction. F.A.R. 2.1, subd. a(5) (a), 32 F.S.A.
The question we must resolve is whether the Circuit Court erred in finding that Chapter 18013, which amended Chapter 17720, is a valid and constitutional law.
The title to Chapter 18013 reads:
"AN ACT to Amend Section 2 of House Bill 1392 Acts of the Legislature of 1937 by Making Provisions for Occupational License Taxes Upon Those Engaged in the Practice of Law in Counties of a Population of 180,000 or More According to the Latest Census."
The final sentence of Section 2, Chapter 17720, as amended by Chapter 18013, reads as follows:
"No municipal license tax in excess of the sum of $15.00 annually shall be levied or imposed by any municipality in such counties upon those engaged in the practice of law within such municipalities."
Appellants note that the title does not state that the Act purports to apply not only in counties, but in municipalities also, as is provided in Section 2.
Appellee argues that municipalities are included in the title by implication, in that the title, by stating that the Act applies "in counties" was intended to include municipalities also. We reject this argument. Giving the words "Practice of Law in Counties" its ordinary meaning, the fair conclusion is that the geographic subject is counties, and not municipalities. The interpretation urged by appellee is strained.
Appellee's argument is fatally weakened upon examination of Chapter 17720, which was amended by Chapter 18013. The title of Chapter 17720 provides:
"AN ACT Prescribing the Taxes to Be Levied Upon Members of the Bar in *3 Counties Having a Population of 180,000 Inhabitants or More According to the Latest Census and Appropriating a Portion of the Proceeds Thereof for Law Library Purposes in Such County, Providing for the Manner of Expenditure of Such Fund and the Maintenance of Such Library, and Making Same a County Purpose." (Emphasis supplied)
A fair reading of this title would lead a citizen to conclude that a county license tax was being imposed to raise money to provide a county law library. The title gives no hint that the Act also provides for municipal license taxes. What would municipal license taxes have to do with a county law library? Further, the title to Chapter 17720 twice uses the word "in" counties. These words are "in Counties" (identical to the words in Chapter 18013) and "Law Library Purposes in Such County." Nothing in the title or the Act suggests the Legislature intended law library purposes in any municipality. It must be concluded that the choice of the word "in" counties wherever used in the title to both Acts was intended to mean that the law applied "to" counties and their law library taxes, and not "in" counties to every conceivable incidental or remotely-related person.
Fla. Const. art. III, § 16 (1885), F.S.A. provides in part:
"Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title * * *."
Two constitutional standards applicable to the titles of statutes are contained in these words. First, each enactment shall be limited to a single subject. Second, that subject shall be briefly expressed in the title.
Chapter 18013 fails by both standards, to the extent that it attempts to legislate beyond the primary subject stated in the title, taxes for county law libraries, and reaches a second subject not stated in the title, municipal occupational taxes.
As we stated in King Kole, Inc. v. Bryant, 178 So.2d 2 (Fla. 1965), certiorari denied, 383 U.S. 958, 86 S.Ct. 1223, 16 L.Ed. 958, 16 L.Ed.2d 301,
"Over the years certain guidelines have evolved for testing the sufficiency of titles against the standard prescribed by Article III, Section 16, supra. The primary purpose of the requirements is to prevent `hodge-poge or log-rolling' legislation. Its object is to avoid surprise or fraud by fairly apprising the Legislature and the public of the subject of the legislation being enacted. State ex rel. Parrish v. Lee, 156 Fla. 578, 23 So.2d 731; State v. Florida State Turnpike Authority, Fla., 80 So.2d 337. The Legislature is allowed a wide latitude in the enactment of laws, and the courts will strike down a title only when there is a plain case of violating or ignoring the constitutional requirement. Wright v. Board of Public Instruction, Fla., 48 So.2d 912; Hillsborough County v. Price, Fla.App., 149 So.2d 912. The title is sufficient if it fairly gives such notice as will reasonably lead to inquiry into the body thereof. Florida Power Corp. v. Pinellas Utility Board, Fla., 40 So.2d 350; McCord v. Smith, Fla., 43 So.2d 704. The title need not be an index to the contents. It is not necessary that it delineate in detail the substance of the statute. McCord v. Smith, supra; Kirkland v. Phillips, Fla., 106 So.2d 909."
In the King Kole case, we upheld applicability of an Act taxing sporting goods and sportswear, including bathing suits, to a manufacturer of swimming suits. In the instant case, titles which concern license taxes "in" counties to support county law libraries cannot fairly be held to give such notice as will reasonably lead to inquiry into the body thereof as to municipal occupational license taxes. If a phrase "in" counties relating to law libraries is held to give notice of municipal licenses, then it can be held to give notice of almost any nonprimary subjects which the Legislature might choose as subjects for legislation, so long *4 as these were geographically located somewhere in one or more counties. Such a construction would destroy the intent and meaning of Article III, Section 16, and its successor provision of the 1968 Constitution, Article III, Section 6, which restates the provisions of Section 16 of Article III of the older Constitution.
In State ex rel. Crump v. Sullivan, 99 Fla. 1070, 128 So. 478 (Fla. 1930), this Court found that the words "relating to Primary Elections" in the title were not broad enough to include the subject of nomination of county commissioners in the body of the Act. In Chiapetta v. Jordan, 153 Fla. 788, 16 So.2d 641 (1943), we found a portion of an Act relating to alimony to be outside the scope of the title, and therefore not valid. In the present case, municipal license taxes are outside the scope of the title, which deals with county taxes to support county law libraries.
The subject of an Act must be stated briefly in the title, and this Court has held that "if a provision of an act constitutes an essentially different subject that is not properly connected with the subject of the act, it violates section 16, art. 3, and is inoperative." Williams v. Dormany, 99 Fla. 496, 126 So. 117 (1930). This means, when the subject of the Act is stated in the title, and the Legislature attempts to legislate on a different subject, that attempt must fail. Stated another way, an Act is fatally defective to the extent its scope is broader than the subject of its title. State v. Tindell, 88 So.2d 123 (Fla. 1956). Also see Lee v. Bigby Electric Co., 136 Fla. 305, 186 So. 505 (1939), in which an Act provided in its title for a license tax to be paid the State by all persons engaged in the business of constructing certain public works; the subject of the Act was different from the title, being all persons who bid to construct public works. This Court unanimously said:
"This Court has repeatedly held that Section 16 of Article 3 of the Constitution was designed to prevent surprise, hodge-podge, and log rolling in legislation. The title and body of the Act unquestionably refer to the same class of contractors but the title purports to reach all engaged in the business while the body of the act purports to reach only those who offer to bid on any project. * *
"The act deals with but one subject matter and the element of surprise is present. The title and body of the act are inconsistent. * * *
"We find no basis on which the title and body of the act can be reconciled * * *."
In the present case, it is impossible to reconcile the title and body of the Act relating to municipal license taxes, without a strained and vague definition of the word "in" as used "in Counties." The Act must fail, whether by the standard of non-inclusion of the subject in the title, or inclusion of a secondary subject in the Act, or by inconsistency between title and body.
We need hold invalid only that portion of Chapter 18013 and Chapter 17720 which purports to legislate on the subject of municipal occupational taxes. Section 6 of Chapter 17720 provides that if
"[A]ny section, portion or clause of this Act for any reason be declared invalid, same may be eliminated herefrom and the remaining portions hereof shall be and remain in force and be valid as if such clause, section or invalid portion had not been incorporated herein."
We do not deem it necessary to resolve any possible invalidity except as relating to municipal occupational taxes, therefore do not consider possible invalidity of any other portion of the Act.
We hold that that portion of Chapter 18013, amending Chapter 17720, which attempts to legislate on the subject of municipal occupational taxes is unconstitutional.
The peremptory second alternative writ of mandamus issued by the Circuit Court is quashed, and its order of final judgment *5 is reversed. This case is remanded to the Circuit Court with instructions to enter an order consistent with the conclusions of law herein.
It is so ordered.
ERVIN, C.J., and ROBERTS, DREW and BOYD, JJ., concur.