363 So.2d 552 (1978)
Ronald L. PRUITT, Appellant,
v.
STATE of Florida, Appellee.
No. 53075.
Supreme Court of Florida.
September 28, 1978.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
*553 SUNDBERG, Justice.
Appellant has prosecuted an appeal in this Court following an order of the trial judge denying his motion to dismiss the information. Because that order upheld the validity of Section 784.07, Florida Statutes (1977),[1] in the face of appellant's constitutional challenge to the statute, this Court has jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution.
Responding to a call from appellant's girlfriend that appellant had attempted to slash his wrists, two police officers rushed to the scene of the suicide attempt. Upon arriving, one officer saw appellant bleeding on the floor whereupon he forced his way inside. When appellant's girl friend told him to leave and the officer refused, a scuffle ensued between them. Appellant then engaged in another scuffle with the other officer who had responded to the call. Shortly thereafter, duly authorized fire fighters arrived to perform paramedical functions. They also became involved in the scuffle. Appellant was then arrested and had to be subdued before he could be given aid.
Appellant was charged by information with Counts I and II, Battery on a Law Enforcement Officer; and Counts III and IV, Battery on a Fire Fighter, pursuant to Section 784.07, Florida Statutes (1977). The State entered a nolle prosequi to Counts I, II and IV. By motion to dismiss, appellant challenged the constitutionality of the aforementioned statute. At the hearing on appellant's motion, defense counsel argued, inter alia, (1) that the statute is vague and overbroad in that the definition of "fire fighter" provided therein is inadequate to inform the average citizen as to the prohibited conduct; (2) that the statute violates the equal protection clause because it punishes more stringently those who commit assault or battery upon law enforcement officers or fire fighters than those who commit the same act upon any other person, without there being any rational basis to support such disparity of treatment; and (3) that Counts III and IV are defective in that the victims were acting in the role of paramedics and not as fire fighters.
Following the denial of his motion to dismiss, appellant pleaded nolo contendere to Count III, reserving his right to appeal the denial of the motion to dismiss. Adjudication was withheld and appellant was placed on probation for three years. Notice of appeal was filed by appellant in the District Court of Appeal, Fourth District, which court transferred the cause to this Court.
Appellant now reiterates the arguments which he espoused at the hearing on his motion to dismiss and additionally asserts that the statute is unconstitutional because its title fails to express the subject of the enactment.
The gravamen of appellant's contention that the statute is vague is that a literal reading of the term fire fighter would bring any public employee of the state whose duty it was "to protect life or property" *554 within the statute's purview. Appellant asserts that as so read, the statute cannot convey a sufficiently definite warning of the proscribed conduct when measured by common understanding and practice. State v. Dye, 346 So.2d 538 (Fla. 1977); State v. Wershow, 343 So.2d 605 (Fla. 1977). He hypothesizes that the statute might cover "a fireman shopping for groceries for his shift's meals," "a janitor or secretary employed at the fire department," or "a municipal lifeguard testing the water of a pool." (Appellant's brief, p. 8)
The reason for the supplemental protection provided by the statute is clear. The public welfare is served uniquely by a fire fighter who jeopardizes his personal well-being by performing the hazardous job of extinguishing, preventing, or controlling fires for the altruistic function of defending the community. Accordingly, the legislature in its wisdom has chosen to grant greater protection to one who performs these indispensable services. Sce Soverino v. State, 356 So.2d 269 (Fla. 1978). While a janitor who is employed by a public employer has a duty to "protect property," he does not shield the lives and property of members of the general public from the dangers of fires. Likewise, the fireman who shops for groceries or the lifeguard who tests the water of a pool cannot claim the greater protection accorded by the statute because they are not performing the indispensable and precarious public service of guarding against fires. It is clear then that the legislature did not intend the phrase "protects property" to have the broad application which appellant imputes to it. What the legislature did intend was to protect the person who protects the public's life and property by risking his life in fighting fires. To further the legislative intent, therefore, Section 784.07(1)(b) should be read so that "fire fighter" is defined, inter alia, as "any person employed by any public employer of this state whose duty it is to extinguish fires" AND "to protect life or property... ." As so construed the statute provides the individual of common intelligence with sufficient warning to satisfy constitutional standards of due process.
In the case sub judice, appellant committed a battery upon a fireman who was employed by the fire department of the City of Hollywood, Florida, and who was performing an act for the protection of life. Consequently, he is within the class of people which the legislature sought to protect.[2]
Appellant suggests alternatively that the statute is overbroad because it could be applied to punish legal as well as illegal conduct. He substantiates this argument by suggesting that in the instant case he acted legally in resisting the proffered medical help because he was under no legal obligation to accept that help. We cannot agree that appellant acted legally in committing a battery, whether it be upon a fire fighter or anyone else.
With regard to appellant's contention that Section 784.07, Florida Statutes (1977), is unconstitutional as a violation of equal protection, this Court's opinion in Soverino v. State, supra, has recently decided this point adversely to his position.
Finally, appellant posits that Section 784.07, Florida Statutes (1977), is unconstitutional because its title fails to express the subject of the enactment. Article III, Section 6, Florida Constitution. He asserts that the definitions of law enforcement officers and fire fighters within the body of the Act range far beyond the statement of the subject in the title. We find this contention to be without merit. The title of an act is sufficient if it fairly gives such notice as will reasonably lead to inquiry into the body of the act. The title of an act need not be an index to its contents *555 and it is not necessary that it delineate in detail the substance of the statute. Rouleau v. Avrach, 233 So.2d 1 (Fla. 1970). The title to the act here under review gives fair notice of its contents for purposes of Article III, Section 6, Florida Constitution.
Accordingly, the order of the trial judge is affirmed.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, HATCHETT and ALDERMAN, JJ., concur.
NOTES
[1] § 784.07, Fla. Stat. (1977), reads:

"Assault or battery of law enforcement officers or firefighters; reclassification of offenses. 
(1)(a) As used in this section, the term `law enforcement officer' includes, but shall not be limited to, any sheriff, deputy sheriff, municipal police officer, highway patrol officer, beverage enforcement agent, county probation officer, officer of the Parole and Probation Commission, and law enforcement personnel of the Game and Fresh Water Fish Commission and the Departments of Natural Resources and Criminal Law Enforcement.
(b) `Firefighter' as used in this section shall mean any person employed by any public employer of this state whose duty it is to extinguish fires, to protect life or property, or to enforce municipal, county, and state fire prevention codes, as well as any law pertaining to the prevention and control of fires.
(2) Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer or firefighter while the officer or firefighter is engaged in the lawful performance of his duties, the offense for which the person is charged shall be reclassified as follows:
(a) In the case of assault, from a misdemeanor of the second degree to a misdemeanor of the first degree.
(b) In the case of battery, from a misdemeanor of the first degree to a felony of the third degree."
[2] It is conceded by appellant that the victim of the battery was a duly authorized fire fighter for the City of Hollywood (App.Brief p. 6). It is a well-known fact that numerous public fire departments train numbers of their employees to perform paramedical and rescue functions. Because a duly authorized fire fighter is performing paramedical functions as an adjunct to his responsibility to prevent and extinguish fires, he is not removed from the class of persons sought to be protected by the statute.