Honorable Wilson Speir Texas Department of Public Safety 5805 N. Lamer Blvd., Box 4087 Austin, Texas 78773
Re: Whether article 6687b, section 21(b), V.T.C.S., requires the Department of Public Safety to include information on traffic accidents in the records of non-paid law enforcement personnel or fire fighters.
Dear Colonel Speir:
You have requested our opinion regarding the scope of section 21(b) of article 6687b, V.T.C.S. That statute, which was enacted by House Bill 1001, 66th Leg., 1979, ch. 478, at 1048, requires the Department of Public Safety to remove from the licensing files of certain drivers all information relating to particular kinds of traffic accidents:
 The individual record of a licensee who is employed as a peace officer or a fire fighter shall not include information relating to a traffic accident if the accident occurred during an emergency while the peace officer or fire fighter was driving a law enforcement vehicle or fire department vehicle in pursuit of his or her duties as a peace officer or fire fighter.
You ask whether the statute embraces volunteer and part-time firemen, reserve peace officers, non-paid deputies and part-time peace officers.
In our opinion, section 21(b) clearly includes volunteer and part-time firemen. Article 6243e, V.T.C.S., which creates the volunteer firemen's relief and retirement fund, specifically includes non-paid, volunteer firemen within the ambit of `firefighter.' Although the scope of the term `firefighter' may be narrower than that of `fireman,' Attorney General OpinionH-1316 (1978), it is certainly sufficiently broad to embrace all persons who `driv[e] a . . . fire department vehicle in pursuit of his or her duties as a . . . fire fighter,' including volunteer and part-time fire fighters. See Pruitt v. State,363 So.2d 552, 554 (Fla. 1978) (a `fire fighter' is `any person employed by any public employer whose duty it is to extinguish fires and to protect life or property'); State Employees Retirement System v. Workmen's Compensation Appeals Board,73 Cal.Rptr. 172, 175 (Cal.App. 1968) (`firefighting' includes those who perform tactical and logistic functions as well as those who physically extiguish flames).
With regard to peace officers, this office, in Attorney General Opinion H-549 (1975), said that the term includes all those persons listed in article 2.12 of the Code of Criminal Procedure and, in addition, any person so designated by another statute. See, e.g., article 6869.1, V.T.C.S. (reserve deputy sheriffs and constables are peace officers); Attorney General Opinions H-1157 (1978) (juvenile probation officer whose powers and duties are prescribed by article 5142 is a peace officer); H-167 (1973) (adult probation officer may be a peace officer under certain circumstances). Thus, an individual, including a reserve or part-time officer or a non-paid deputy, is a `peace officer' for purposes of section 21(b) if he has been so designated pursuant to article 2.12 of the Code of Criminal Procedure or some other statute. See generally Attorney General Opinion H-94 (1973) which relates to the meaning of the term `employed.'
 SUMMARY
Volunteer and part-time fire fighters, as well as reserve or part-time peace officers and non-paid deputies, are included within the scope of section 21(b) of article 6687b, V.T.C.S.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Ted L. Hartley Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General