380 So.2d 1284 (1980)
Raul Lopez SANTOS, Appellant,
v.
STATE of Florida, Appellee.
No. 55353.
Supreme Court of Florida.
March 6, 1980.
Rafael de Armas, Winter Park, for appellant.
Jim Smith, Atty. Gen., and John D. Cecilian, Asst. Atty. Gen., West Palm Beach, for appellee.
BOYD, Justice.
This cause is before the Court on appeal from a judgment of the County Court of Orange County. The trial court passed upon the constitutionality of a state statute. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
The appellant was charged with the crimes of driving while intoxicated and driving with unlawful blood alcohol level in violation of section 316.193, subsections (1) and (3) respectively, Florida Statutes (1977). The judgment from which this appeal is brought was rendered upon a plea of nolo contendere. Prior to his change of plea from not guilty to nolo contendere, the appellant moved: (1) to dismiss the information on the ground that section 316.193 is unconstitutional and on the ground that one of the offenses charged is a lesser included offense of the other; (2) to suppress evidence; and (3) for discharge under the speedy trial rule.
The trial court denied the motion to dismiss, upholding the statute's constitutionality and ruling that the appellant could be charged with both offenses. The court subsequently *1285 dismissed the charge of driving while intoxicated. Thus the appellant's contention that he could not properly be charged with both offenses became moot. The court also denied the motion to suppress and for discharge. The appellant pled nolo contendere to the unlawful blood alcohol level charge, was adjudicated guilty and sentenced.
The appellant presents three issues. He contends that section 316.193, Florida Statutes (1977), violates article III, section 6 of the Florida Constitution. He contends that the court erred in denying his motion to suppress evidence. He contends, finally, that the court erred in denying his motion for discharge pursuant to the speedy trial rule.
At the time the appellant changed his plea to nolo contendere, he specifically reserved for appeal only the court's ruling on his motion to dismiss. A plea of nolo contendere forecloses the appeal of any issue, other than the facial sufficiency of the charging document, that is not specifically reserved for appellate review. Hand v. State, 334 So.2d 601 (Fla. 1976); State v. Ashby, 245 So.2d 225 (Fla. 1971). Therefore, we will only consider the issue of the statute's constitutionality under article III, section 6.
Article III, section 6 provides in pertinent part: "Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title." The appellant contends that section 316.193 embraces more than one subject and therefore violates the single-subject requirement for laws. In support of this contention, he asserts that it is improper for section 316.193(1) and (3) to create two separate and distinct offenses. This argument is without merit.
The quoted portion of article III, section 6 contains two essential requirements. The requirement that the subject of a law be briefly expressed in the title serves the purpose of providing notice to interested persons of the contents of an enactment. State v. McDonald, 357 So.2d 405 (Fla. 1978); Knight & Wall Co. v. Bryant, 178 So.2d 5 (Fla. 1965). The purpose of the requirement that each law embrace only one subject and matter properly connected with it is to prevent subterfuge, surprise, "hodge-podge" and log rolling in legislation. State v. Lee, 356 So.2d 276 (Fla. 1978); Lee v. Bigby Electric Co., 136 Fla. 305, 186 So. 505 (1939). The purposes sought to be achieved by these constitutional restrictions are satisfied if each enactment of the legislature embraces "but one subject and matter properly connected therewith" and the subject is "briefly expressed in the title." Art. III, § 6, Fla. Const. When laws passed by the legislature are being codified for publication in the Florida Statutes, these restrictions do not apply. The legislature is free to use whatever classification system it chooses. Article III, section 6 does not require sections of the Florida Statutes to conform to the single-subject requirement. The requirement applies to "laws" in the sense of acts of the legislature.
The offense proscribed by section 316.193(1), Florida Statutes (1977), was established by chapter 71-135, Laws of Florida. This act of the legislature is called the Florida Uniform Traffic Control Law. It regulates the use of the public roads of the state. It embraces only that subject and matters properly connected therewith. The offense proscribed by section 316.193(3) was created by chapter 74-384, Laws of Florida. That law embraces the subject of driving while under the influence of alcohol and matters properly connected therewith.
We hold that neither of the laws at issue here violates article III, section 6. The judgment of the county court is affirmed.
It is so ordered.
ENGLAND, C.J., and ADKINS, OVERTON, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.