SUNDBERG, Justice.
This is a direct appeal from a trial court’s ruling that chapter 63-1790, Laws of Florida, and Pinellas County Ordinance 4-3 are unconstitutional under article III, section 6, Florida Constitution. We have jurisdiction. Art. V, § 3(b)(1), Fla.Const.
Appellee Deborah L. Cummings was charged with violating the closing hour provisions of chapter 63-1790, § 3, and ordinance 4-3 which prohibit certain business establishments from dealing in alcoholic beverages between the hours of 2:00 a. m. and 8:00 a. m.[1] At the time of her arrest, appellee was working as a waitress at D. J.’s Pioneer Club, a so-called bottle club and “business establishment” within the meaning of the special act. She held no ownership interest in the establishment. The trial court dismissed the charge on the ground that the titles to the special act and the ordinance fail to advise individual employees of such business establishments that they may be guilty of committing a crime as set forth in those enactments.
Chapter 63-1790, Laws of Florida, is entitled:
AN ACT relating to the establishment of uniform closing hours for all businesses within Pinellas county, Florida, dealing with alcoholic beverages; providing regulations therefor; providing for municipalities within Pinellas county to establish shorter opening hours; providing exceptions; providing penalty for violation; repealing Chapter 29419, Laws of Florida, 1953, Chapter 29418, Laws of Florida, 1953, Chapter 26463, Laws of Florida, 1949, and Chapter 26150, Laws of Florida, 1949; providing for an effective date.
Section 6 of the Act provides:
(1) Any person, firm or corporation violating any of the provisions of this act shall be deemed upon conviction thereof, guilty of a misdemeanor and shall be punished therefor as provided by law. [Emphasis supplied.]
Since the title to the special act refers to “businesses,” appellee contends she had no notice that she, as an employee rather than a proprietor, could be criminally liable for activities condemned in the body of the act. We disagree.
Article III, section 6 of the Florida Constitution, states in pertinent part: “Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title.” To survive constitutional attack, the subject of each law must be “briefly expressed in the title.” The primary purpose of the requirement is to inform the legislature and the public of the scope of impending legislation so as to avoid “log-rolling” legislation. State v. McDonald, 357 So.2d 405 (Fla.1978); Rouleau v. Avrach, 233 So.2d 1 (Fla.1970) (construing corresponding provision in article III, section 16, Florida Constitution (1885)). The test for determining whether an act’s title comports with article III, section 6 of our constitution is whether it “fairly gives such notice as will reasonably lead to inquiry into the body of the act.” Pruitt v. State, 363 So.2d 552, 554 (Fla.1978).
The title of chapter 63-1790 expressly states that the act relates to closing hours for all businesses in Pinellas County dealing with alcoholic beverages and states *685 that a penalty is provided for its violation. In our view these expressions are sufficient to put a reasonable person involved in the operation of a business which sells or dispenses alcoholic beverages or mixers on notice that he may be subject to a criminal penalty for his participation in such operation in violation of the prescribed closing hours. The title of an act is not intended as a substitute for the language contained in the body of the act. Nor is the title of an act intended to be a detailed index of the substance of the act. Rather, the notice requirement of article III, section 6, is met if the title is sufficiently informative to obviate fraud or surprise from hidden provisions not indicated in the title. Knight & Wall Co. v. Bryant, 178 So.2d 5 (Fla.1965), cert. denied, 383 U.S. 958, 86 S.Ct. 1223, 16 L.Ed.2d 301 (1966) (construing corresponding provision in article III, section 16, Florida Constitution (1885)).
Under the facts of this case, the title of chapter 63-1790, Laws of Florida, meets the requirements of article III, section 6, Florida Constitution. The order of the county court is reversed and the case is remanded for proceedings not inconsistent with this decision.
It is so ordered.
ENGLAND, C. J., and OVERTON and ALDERMAN, JJ., concur.
ADKINS, J., dissents with an opinion, with which BOYD, J., concurs.

. The county ordinance merely restates the provisions of the special act. Section 125.67, Florida Statutes (1977), which applies to county ordinances instead of to laws enacted by the state legislature, is identical to article III, section 6. Thus, references in this opinion to chapter 63-1790 and article III, section 6, apply by analogy to ordinance 4-3 and section 125.-67.