ADKINS, Justice,
dissenting.
Chapter 63-1790, Laws of Florida, (all references to this chapter include the corresponding County Ordinance 4-3) is entitled:
AN ACT relating to the establishment of uniform closing hours for all businesses within Pinellas county, Florida, dealing with alcoholic beverages; providing regulations therefor; providing for municipalities within Pinellas county to establish shorter opening hours; providing exceptions; providing penalty for violation; repealing Chapter 29419, Laws of Florida, 1953, Chapter 26463, Laws of Florida, 1949, and Chapter 26150, Laws of Florida, 1949; providing for an effective date.
Section 6 of the Act provides:
(1) Any person, firm or corporation violating any of the provisions of this act shall be deemed upon conviction thereof, guilty of a misdemeanor and shall be punished thereof as provided by law.
Appellee was an employee of a bottle club in which she had no ownership interest. She was charged with violating the provisions of the Act when the club stayed open beyond the hours designated in the Act. Since the title to the Act refers to “businesses,” appellee contends she had no notice that she, as an employee, could be liable when her employer violated the Act.
The test for determining whether an act’s title comports with article III, section 6, of our constitution is whether “it fairly gives such notice as will reasonably lead to inquiry into the body of the act.” Pruitt v. State, 363 So.2d 552 (Fla. 1978). The state argues that the primary purpose of article III, section 6, is to inform the public and legislature of the scope of impending legislation. United Gas Pipeline Co. v. Bevis, 336 So.2d 560 (Fla. 1976). I agree that the title to an act need not be ah index to the contents. Rouleau v. Avrach, 233 So.2d 1 (Fla. 1970). However, in applying the appropriate test, it is difficult to understand why an employee of a business would read past the title of this Act, whether to provide input on the bill prior to passage or to see if the employee’s conduct was affected.
Under the facts of this case the title of chapter 63-1790, Laws of Florida, does not meet the requirements of article III, section 6, Florida Constitution. The order of the county court should be affirmed.
BOYD, J., concurs.