Judybill OSCEOLA, Enrolled Member of the Seminole Indian Tribe of Florida, et al., all others similarly situated, Plaintiffs,

v.

FLORIDA DEPARTMENT OF REVENUE, Defendants.

No. 88–6522–CIV–JAG.

United States District Court, S.D. Florida, Fort Lauderdale Division.

Feb. 17, 1989.

Barbara Wolf, Fort Lauderdale, Fla., for plaintiffs.

Joseph C. Mellichamp, III, Eric Taylor, Asst. Attys. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for defendants.

## ORDER

GONZALEZ, District Judge.

**THIS CAUSE** has come before the court upon the various motions in this cause. The defendants have moved to dismiss the complaint pursuant to Federal Rule 12(b)(1) and (6). The plaintiff has filed a response to the motion to dismiss which the court has received and considered.

The plaintiff has brought this action as an alleged class representative of all Florida's Seminole Indians. The suit was filed by the plaintiff in her individual capacity

and not as an official representative of a recognized tribal government.

As stated by the plaintiff, this action was brought because of the "collection of sales taxes and franchise taxes from Petitioners by Respondent on Petitioner's purchase of automobiles and other vehicles, mobile homes, goods and materials used to make improvements to their homes, telephone services, electrical service, propane gas service, and similar items that were purchased off the reservation but which were delivered or taken to Petitioner's residence on the reservation." *See* Memorandum in Support of Petitioner's Response to Respondent's Motion to Dismiss at 2. The complaint prays for declaratory relief, injunctive relief against the defendant from future collection of these taxes, and damages in the form of a refund of tax payments erroneously assessed by the state between the years 1956 and the present day.

Defendants move to dismiss the complaint alleging that the Tax Injunction Act, 28 U.S.C. § 1341, and the Eleventh Amendment bar this action.

Section 1341 of Title 28 of the United States Code provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

The Tax Injunction Act manifests the maxim that a court should not act, in equity, when there is an adequate remedy at law. The statute also reflects the federal interest in comity between the national and state sovereigns. Because states rely upon taxation to carry on their governments, the federal sovereign, through its judiciary, is reluctant to interfere in this basic state function. *See Tully v. Griffin,* 429 U.S. 68, 73, 97 S.Ct. 219, 222, 50 L.Ed.2d 227 (1976); *Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 297–99, 63 S.Ct. 1070, 1072–74, 87 L.Ed. 1407 (1943).

On its face, the Act bars injunctive relief. It has been judicially expanded to include suits for declaratory relief, *California v.*

*Grace Brethren Church,* 457 U.S. 393, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982); *Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943). Moreover, the Act has been applied to actions for damages, *Rosewell v. La-Salle National Bank,* 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981), reh'g denied, 451 U.S. 1011, 101 S.Ct. 2349, 68 L.Ed.2d 864 (1981); *Fair Assessment in Real Estate v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981), including suits for the refund of tax assessments made by a state, *Bland v. McHann,* 463 F.2d 21 (5th Cir.1972); *The Assiniboine & Sioux Tribes v. Montana,* 568 F.Supp. 269 (D.Mont.1983).

The defendants allege that the Tax Injunction Act applies here because Florida provides a "plain, speedy and efficient remedy". The Florida Constitution grants the state's Circuit Courts with jurisdiction to hear challenges to any state tax. Fla. Const. art. V, § 20(c)(3). Florida courts are also given power to issue declaratory and injunctive relief in tax cases. *See* FLA. STAT.ANN. § 72.011 (West Supp.1988) and § 86.011 (West 1987).

A Florida taxpayer also has the statutory right to seek a tax refund from the state. FLA.STAT.ANN. § 215.26 (West 1971). The Florida Supreme Court has held that this statute authorizes the refund of taxes paid under an unconstitutional law. *State ex rel. Hardaway Contracting Co. v. Lee,* 155 Fla. 724, 21 So.2d 211 (1945) (refund authorized under subsection (1)(c) as a tax paid "in error"); *cf. Aquarius Condominium Assoc. v. Markham,* 442 So.2d 423 (Fla.App. 4th DCA 1983) (questioning whether a taxpayer can ever be denied his day in court to challenge a tax law).

The plaintiff does not allege that the state remedies are inadequate. Even if the plaintiff did take such a position, it would likely lack merit. *See Winicki v. Mallard,* 783 F.2d 1567, 1570 (11th Cir.1986) (noting district court's ruling that Florida tax remedies were "plain, adequate and complete"); *cf. Rosewell v. LaSalle National Bank,* 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981) (state refund procedure adequate un-

der § 1341 despite two-year delay in receiving refund and failure of state to pay interest on the refund), reh'g denied, 451 U.S. 1011, 101 S.Ct. 2349, 68 L.Ed.2d 864 (1981).

Rather than attack the adequacy of the state remedies, the plaintiff contends that this court has jurisdiction under the instrumentality exception to the Tax Injunction Act. This doctrine states that the § 1341 jurisdictional bar does not apply to actions brought by the United States or one of its instrumentalities. The issue, then, is whether a class action by individual, enrolled members of an Indian tribe constitutes a federal instrumentality for purposes of immunity from state taxation.

The plaintiff's contention that this is a suit by a U.S. instrumentality is apparently based upon the historical trustee relationship existing between the federal government and the various Indian tribes. The test today of what or who constitutes an instrumentality is a question of Congressional intent. *Mescalero Apache Tribe v. Jones*, 411 U.S. 145, 93 S.Ct. 1267, 36 L.Ed. 2d 114 (1973). Here, the test is whether Congress has designated the members of the Seminole Indian tribe as federal instrumentalities.

The plaintiff relies upon Title 4 of the United States Code, sections 105 through 110 (known as the "Buck Act") as evidence that Congress exempted the Seminole Indians from all state taxation. Specifically, the plaintiff points to section 109 which provides: "Nothing in sections 105 [state sales and use tax] and 106 [state income tax] of this title shall be deemed to authorize the levy or collection of any tax on or from any Indian not otherwise taxed."

Plaintiff's reliance on the Buck Act is misplaced. This legislation was passed in 1947 simply to allow states to tax federal employees living in their state, but working on federal lands. In effect, the federal government ceded some degree of sovereignty over federal areas to the states. *See Rountree v. City and County of Denver*, 197 Colo. 497, 596 P.2d 739 (1979). Contrary to plaintiff's view, section 109 is not an affirmative grant of immunity. Rather, this section of the Buck Act merely reaffirms that the federal government did not intend, through the passage of legislation, to grant any more jurisdiction to the states over the Indian tribes other than that which they already possessed.

Moreover, the Buck Act surely did not have the broad scope argued for by the plaintiff. In construing the tax immune status of Indians, the Supreme Court has stated a rule of construction fatal to plaintiff's argument. In *Mescalero Apache Tribe v. Jones*, 411 U.S. 145, 93 S.Ct. 1267, 36 L.Ed.2d 114 (1973), the Court held that the state of New Mexico could impose a gross receipts tax on a ski resort operated by an Indian tribe on nonreservation land leased from the federal government. In ruling that the tribe was not a federal instrumentality, the Court stated that the rule that tax exemptions are not granted by implication applied to state taxation of Indians as well as all others. 411 U.S. at 156–57, 93 S.Ct. at 1274–75. Here, section 109 of the Buck Act is certainly not the type of specific statement that Congress would have passed to immunize Indians from state taxation.

Alternately, the plaintiff relies on other federal statutes to give this court jurisdiction. However, none of these apply either to provide an independent jurisdictional base or to override the Tax Injunction Act. Section 1322(a) of Title 25, United States Code, which cedes civil and criminal jurisdiction over Indian lands to the states is irrelevant and actually supports the defendant's position. Section 1362 of Title 28 is inapplicable because the statute only applies to actions brought by an "Indian tribe or band with a governing body duly recognized by the Secretary of the Interior". Finally, plaintiff's reliance upon 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) (granting jurisdiction over § 1983 actions to federal district courts) is equally meritless. The law is clear that section 1983 claims advanced by the plaintiff cannot be heard unless there is a showing that Florida's statutory scheme for tax refunds is not a plain, speedy and efficient remedy. *Winicki v. Mallard*, 783 F.2d 1567, 1570 (11th Cir.1986).

Historically, Indians have only been exempted from state taxation of reservation property or on income derived from reservation activities. *Mescalero Apache Tribe v. Jones,* 411 U.S. 145, 148, 93 S.Ct. 1267, 1270, 36 L.Ed.2d 114 (1973). As the Supreme Court stated, "[a]bsent express federal law to the contrary, Indians going beyond reservation boundaries have generally been held subject to nondiscriminatory state law otherwise applicable to all citizens of the State." *Mescalero,* 411 U.S. at 148–49, 93 S.Ct. at 1270–71.

Plaintiff cites *Moe v. Confederated Salish and Kootenai Tribes of the Flathead Reservation,* 425 U.S. 463, 96 S.Ct. 1634, 48 L.Ed.2d 96 (1976), as support. However, this case is in line with the above-mentioned authorities which hold that the state has a limited right to tax reservation Indians. In *Moe,* the Court held that the state of Montana could not impose (1) a personal property tax on property located *on* the reservation, (2) a vendor tax on the tribe's cigarette business conducted *on* reservation lands, or (3) a sales tax on cigarettes for *on*-reservation sales between Indians. *Cf. Bryan v. Itasca County,* 426 U.S. 373, 96 S.Ct. 2102, 48 L.Ed.2d 710 (1976) (state personal property tax on Indian's mobile home located *on* lands held in trust for the tribe invalid); *McClanahan v. State Tax Comm. of Arizona,* 411 U.S. 164, 93 S.Ct. 1257, 36 L.Ed.2d 129 (1973) (state income tax unlawful as to Indian income derived solely from *on*-reservation sources).

█ Therefore, it is clear that the Florida taxes here are not preempted by any Congressional legislation. The only other possible limitation applicable is that a state cannot tax Indians in such a way as to unduly interfere with the tribal right of self-government. However, this limitation is also irrelevant. There is no evidence of any impermissible state interference and no showing that further discovery is necessary. It is also noteworthy that the Seminole tribe itself did not bring this action or move to intervene as a party. Simply put, there is little chance of state interference with an Indian nation's sovereignty when one of its members ventures into another sovereignty, purchases goods and services there, and is required to pay a tax on those purchases.

█ The defendant's motion to dismiss is also justified on the alternate ground that the Eleventh Amendment bars this action.

Under the theory that an Indian tribe constitutes a "foreign nation", courts have held that the Amendment is applicable to Indians. *See Standing Rock Sioux Indian Tribe v. Dorgan,* 505 F.2d 1135 (8th Cir. 1974).

The defendant is correct in asserting the Eleventh Amendment bar.

There are no applicable exceptions. The plaintiff has failed to point to any Congressional enactments under the Fourteenth Amendment which abrogate Florida's sovereign immunity. Even if plaintiff were to rely upon the statutes cited above against the application of the Tax Injunction Act, they do not provide a *clear statement* of Congressional waiver. *See Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979) (Congress did not abrogate Eleventh Amendment immunity by passage of 42 U.S.C. § 1983). Moreover, the state of Florida has not consented to plaintiff's action. Section 215.26(4) of the Florida Statutes provides that a refund action under that section is the "exclusive procedure and remedy for refund claims between individual funds and accounts in the State Treasury".

The plaintiff's only argument is that the Eleventh Amendment does not prevent a federal court from enjoining a state official from violating federal rights. While the plaintiff is correct about this power of the federal courts as recognized in *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), it is not applicable here. As discussed above, the plaintiff has failed to establish the prerequisite to injunctive relief; namely, a violation of federal rights by the state of Florida.

The court having considered the motion to dismiss, and being otherwise duly advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

(1) The defendant's motion to dismiss is **GRANTED** and this cause is hereby **DISMISSED.** This court lacks subject matter jurisdiction over this case pursuant to the Tax Injunction Act and the Eleventh Amendment. The court does not reach the other arguments advanced by the defendants in support of their motion except to the extent discussed in the opinion.

(2) The plaintiff's motion for class certification is hereby **DENIED** as moot.

(3) The defendant's motion for a stay is hereby **DENIED** as moot and on the merits. The interests of public officials protected by the Supreme Court in *Mitchell v. Forsyth*, 469 U.S. 929, 105 S.Ct. 322, 83 L.Ed.2d 259 (1984) are in conflict with the policies underlying class actions as enunciated in the case of *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Further, the defendant did not either move for a protective order or otherwise allege that the plaintiff was engaging in broad, burdensome discovery.

**DONE AND ORDERED.**