HOBSON, Justice.
Appellee, Tindell, was indicted by the Dade County Grand Jury, charged with manslaughter and, pursuant to Chapter 30227, Laws of Florida 1955, was arraigned in the Dade County Circuit Court. He pleaded not guilty and moved to quash the proceedings, contending that Chapter 30227 was unconstitutional as violative of Section 24 of Article V of the Florida Constitution, F.S.A., which provides for a Criminal Court of Record, and Section 25 of Article V, which pertains to the jurisdiction of the Criminal Court of Record and provides “the said Courts shall have jurisdiction of all criminal cases not capital which shall arise in said counties respectively.’'
The question of the constitutionality of Chapter 30227 was certified to this court, but we declined to answer the question on the showing then made. State v. Tindell, Fla. 1955, 82 So.2d 746.
The Circuit Court held the statute unconstitutional and ordered the proceedings quashed and the cause transferred to the Criminal Court of Record.
Chapter 30227 reads as follows:
“An Act relating to all counties having a population of four hundred ninety thousand (490,000) or more, according to the last federal census, in each judicial circuit of the State of Florida providing that homicides, either murder or manslaughter, shall be presented to the grand jury, and shall be prosecuted by the state attorney upon an indictment in the circuit court having jurisdiction and venue of said offense.
“Be it Enacted by the Legislature of the State of Florida:
“Section 1. In each judicial circuit of the State of Florida, which embraces and includes a population of more than four hundred ninety thousand (490,000) people, according to the last preceding federal census, all homicides, either murder or manslaughter, shall be prosecuted by the State Attorney.
“Section 2. All homicides, either murder or manslaughter shall be presented to the Grand Jury of the county in which the offense occurred and shall be prosecuted upon indictment in the Circuit Court of the county in which the offense occurred.
“Section 3. This Act shall take effect from the time it becomes law.”
The grounds upon which the circuit judge held the above statute unconstitutional do not appear in his order. The State, as appellant, seeks to re-establish the constitutionality of the statute. No brief has been filed by appellee, a practice of which we do not approve.
The principal and controlling question with which we are immediately confronted arises because the title of the act refers to “all counties having a population <of four hundred ninety thousand (490,000) or more, according to the last federal census, in each judicial circuit of the State of Florida” whereas Section 1 of the body of the act refers to “each judicial circuit of the State of Florida which embraces and includes a population of more than four hundred ninety thousand (490,000).” Thus the body of the act appears to have been intended to operate upon a class of persons broader than the title of the act would indicate. Since the title of an act defines its scope, the body of the act can contain no valid provision beyond the range of the subject stated in the title. This principle is written into our law in Article III, Section 16 of the Florida Constitution. As expressed by this court, speaking through Mr. Justice-Whit *125 field, in Seaboard Airline Railway v. Abe Simon & Co., 56 Fla. 545, 548, 47 So. 1001, 1002, 20 L.R.A.,N.S., 126:
“The body of the act should not contain and operate upon a subject affecting a class that is broader and more comprehensive than the one expressed in the title of the act; but the subject covered by the body of the act may be more restricted, if included within the subject expressed in the title, when the title is not misleading. The title may be broader than the act; but the act should not be broader than the title. Otherwise the subject embraced in the act may not be expressed in the title, as required by the provision of the organic law.”
This is also the law of other jurisdictions. See Luman v. Hitchens Bros. Co., 90 Md. 14, 44 A. 1051, 46 L.R.A. 393; Sutherland v. Board of Trustees of Bishop Independent School District, Tex.Civ.App., 261 S.W. 489; and 50 Am.Jur., Statutes, Section 183.
 The fatal defect which we have noted results from a comparison of the title of the act with the first section of the body thereof. The next question is whether or not any provisions of the act can be saved and made operative. To bring Section 1 into harmony with the title, it would be necessary to write into that section a provision which would make it clear its applicability would be limited to counties, as distinguished from judicial circuits, having a population of more than 490,000 people. It is obvious that we cannot perform this legislative function, and we must therefore consider and declare Section 1 invalid in its entirety.
The next question is whether or not Section 2 of the act can stand alone. It is at once evident that it cannot, for it would become an act applicable to all counties of the state which would require all homicides to be presented to the grand jury and prosecuted in the circuit court. Upon no reading nf the statute can we assume that the legislature intended so broad a result. We must conclude that the legislature intended the act to be entire and not severable.
In holding, as we do, that the determination of the trial judge, finding the act unconstitutional, must be affirmed, we express no opinion on the merits of the type of legislation here sought to be enacted. It is sufficient for the disposition of this case to hold that the errors of draftsmanship which we have noted are sufficient to require a declaration that the act is repugnant to Article III, Section 16, of the Florida Constitution.
Affirmed.
DREW, C. J., and TERRELL, THOMAS, THORNAL and O’CONNELL, JJ., concur.
ROBERTS, J., not participating.