178 So.2d 917 (1965)
L. WARNOCK, Appellant,
v.
FLORIDA HOTEL AND RESTAURANT COMMISSION, Appellee.
No. 65-215.
District Court of Appeal of Florida. Third District.
October 5, 1965.
Rehearing Denied October 25, 1965.
Julius I. Friedman, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Gerald Mager, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and CARROLL and SWANN, JJ.
SWANN, Judge.
The appellant, L. Warnock, the operator of a business in Miami Beach, Florida, described as Abbott Towers Apartment, was served with a notice of hearing by the appellee, Florida Hotel and Restaurant Commission, advising that he was operating his business in violation of Section 509.242(2), Florida Statutes, F.S.A., by advertising his business as a "motel", when the establishment did not fulfill the requirements for a "motel" classification.
After a hearing, the appellee issued its order which suspended the license of appellant for a period of twelve months and provided that the suspension would be null and void if appellant ceased to advertise his premises as a motel. The appellant petitioned *918 for certiorari to the Circuit Court. A hearing was held and an order was entered denying the petition for certiorari.
On appeal the appellant contends that the Commissioner's suspension order was imposed solely for non-compliance with Section 509.242(1)(c), Florida Statutes, F.S.A., in that there was insufficient off-street parking on the premises; and that Section 509.242 is unconstitutional.
Section 509.242(1) (c), Florida Statutes, defines a motel as follows:
"(c) Motel.  (Motor hotel, motor court, court, tourist court, motor lodge, etc.).  Any building or group of buildings, usually one story but limited to three stories, which offers units easily accessible to the travelers with an exit to the outside of each unit, daily or weekly rates, off-street parking for each unit, a central motel office on the property with specified hours of operation, a bath or connecting bath for every rental unit, and at least six rental units, recognized as a motel in the community in which it is situated and by the industry, is declared to be a motel." (Emphasis supplied.)
Appellant admits that he was operating his establishment as a motel, although it was licensed as "Abbott Towers Apartment". The testimony showed that the premises could qualify as a motel and advertise as such, except that there were no parking facilities on the premises of the establishment. Appellant urges that since there was sufficient parking on the streets, it was not necessary to provide "off-street parking" on the premises for each unit.
Appellee contends that it has interpreted and construed Section 509.242(1) (c), Florida Statutes, F.S.A., since its enactment in 1957, as requiring off-street parking for each unit to be located on the premises of the establishment.
The law is well established that contemporaneous construction of a statute by those charged with its enforcement and interpretation is entitled to great weight, and that courts will not depart from such construction unless it is clearly erroneous. United States Gypsum Company v. Green, Fla. 1959, 110 So.2d 409.
It is our view that the words used by the legislature requiring off-street parking for each unit means that the off-street parking shall be located on or adjacent to the premises of the motel establishment and that this construction of the statute by appellee is both reasonable and proper.
The appellant contends that the Act is unconstitutional in that it is impossible to perceive from the title of the Act that advertising will be prohibited without proper classification, inasmuch as the title states that it requires the classification of public lodging establishment for statistical purposes, and further, that such establishments must make application for such classification. The appellant claims that no mention of statistical purposes is found in the body of the act and that under the authority of State v. Tindell, Fla. 1956, 88 So.2d 123, this violates the provisions of the organic law and is therefore unconstitutional.
Appellant further suggests that the regulations and statutes involved herein are penal in nature and consequently should be strictly construed in his favor. It is to be noted that the only "penalty" involved is the inability to advertise or hold one's establishment out as a "motel". There is nothing to prevent the appellant from continuing to utilize the classification which he presently holds, to-wit: Abbott Towers Apartments.
The general law on this point is as follows:
"As a general rule a statute creating or governing an administrative agency should be fairly interpreted to carry out the legislative intent. The statute must be construed so as to achieve its object in a way which will render it reasonable, fair, and harmonious with *919 its manifest purpose, and will avoid mischievous and absurd consequences. In particular situations, this may require a strict or a liberal construction of the terms of the statute. A statute will not be construed so literally as to defeat its obvious purpose." (Emphasis supplied.) 1 Am.Jur.2d Administrative Law § 43 (1962); see also 1 Fla.Jur. Administrative Law § 11 (1955).
* * * * * *
Assuming, arguendo, that the appellant's position is correct and that the title of the Act was insufficient, it is our opinion that the defect, if any, is cured by the decisions of the Supreme Court of Florida in the cases of McConville v. Ft. Pierce Bank & Trust Co., 1931, 101 Fla. 727, 135 So. 392; State ex rel. Badgett v. Lee, 1945, 156 Fla. 291, 22 So.2d 804 and Brewer v. Gray, Fla. 1956, 86 So.2d 799. The court held in those cases that an Act, the title of which is insufficient, becomes valid by incorporation in a general revision of the laws, whether the insufficiency has been adjudicated or not. Section 509.242 was originally enacted in 1957 (Chapter 57-824, Laws of Florida) and has been re-enacted and incorporated in the Revised General Statutes of Florida by the 1959, 1961 and 1963 legislatures.
Appellant asserts that the phrase "recognized as a motel in the community in which it is situated and by the industry" is unconstitutional, in that it represents an invalid delegation of a legislative function to an administrative body, and that there is no standard prescribed for the determination of recognition of a motel under this clause. We are in agreement that the phrase above cited does not set forth appropriate standards for determination of what is necessary for a building establishment to qualify as a motel and it appears to permit an unrestricted discretion in its application by appellee.
We are of the opinion, however, that the clause cited is simply surplusage and does not add to nor take away from the validity of the other portions of Section 509.242(1) (c). Even though these words are insufficient, we do not believe that they affect the validity of constitutionality of the remaining portions of the Act. State v. Calhoun County, 1936, 127 Fla. 304, 170 So. 883. See 6 Fla.Jur. Constitutional Law § 96 (1956). We are therefore treating them as surplusage, inasmuch as it should never be presumed that the legislature intended to enact purposeless, and therefore useless, legislation. Sharer v. Hotel Corporation of America, Fla. 1962, 144 So.2d 813.
For the reasons stated, the decision of the Circuit Court is hereby
Affirmed.