Mr. John S. Post Attorney Department of Water and Sewers City of Hialeah Westland Executive Office Park Penthouse — Suite 330 1800 West 49th Street Hialeah, Florida 33012
Dear Mr. Post:
This is in response to your request for an opinion on substantially the following question:
 MUST THE CITY OF HIALEAH COMPLY WITH THE PROCEDURES AND REQUIREMENTS SET FORTH IN s 180.301, F.S. (1984 Supp.), WITH RESPECT TO THE SALE OF A FRACTIONAL PORTION OF THE CITY'S WATER AND SEWER UTILITY TO THE CITY OF HIALEAH GARDENS?
Information supplied with your request states that the City of Hialeah Department of Water and Sewers has extended its services to the City of Hialeah Gardens as a "community accomodation" and that the department has approximately 250 water accounts in the City of Hialeah Gardens in contrast to approximately 37,000 water accounts within the City of Hialeah itself. This information further states that the Water and Sewer Board of the department, "a mostly autonomous body," has considered a proposal from the City of Hialeah Gardens to purchase that portion of the water and sewer system and property appurtenant thereto lying within the boundaries of the City of Hialeah Gardens and has determined that such sale is in the best interest of the department. You further state that the attorney for the City of Hialeah Gardens has advised you that the City of Hialeah Gardens has complied with all provisions of s 2 of Ch. 84-84, Laws of Florida, creating s166.045, F.S. (tentatively renumbered s 180.301, F.S. [1984 Supp.], relating to the purchase of the system. Consequently, you inquire as to the applicability of these same provisions to the City of Hialeah with respect to completion of the contemplated transaction. Preliminarily, I would note that the statute you inquire about speaks to procedures and requirements imposed upon "the governing body of the municipality" or "the municipality." However, your inquiry states that the Hialeah City Charter authorizes the Department of Water and Sewers to own and dispose of real and personal property and to enter into contracts. Presuming therefore that the Water and Sewer Board of the City of Hialeah Department of Water and Sewers is otherwise fully empowered to complete the sale of the fractional portion of the city's water and sewer utility involved herein, this opinion is directed specifically to the question as stated with respect to the application of the statutory provisions to the City of Hialeah.
Section 166.045, tentatively renumbered as s 180.301, F.S. (1984 Supp.), was created by Ch. 84-84, Laws of Florida, which is titled as follows:
 An act relating to water and sewer utilities; creating ss. 125.0108, 166.045, 190.0215, F.S.; requiring a public hearing and evaluation according to certain criteria before purchase or sale of a water or sewer utility by a county, municipality, special district, or community development district; providing an effective date. (e.s.)
Section 2 of Ch. 84-84, Laws of Florida, provides as follows:
 Section 2. Section 166.045, Florida Statutes, is created to read:
 166.045 Purchase or sale of water or sewer utility. — No municipality shall purchase or sell a water or sewer utility which provides service to the public for compensation, until the governing body of the municipality has held a public hearing on the purchase or sale and made a determination that the purchase or sale is in the public interest. The municipality shall consider, at a minimum, the following in determining if the purchase or sale is in the public interest:
 (1) The utility's most recent available income and expense statement;
 (2) The utility's most recent available balance sheet listing assets and liabilities and clearly showing the amount of contributions-in-aid-of-construction and the accumulated depreciation thereon;
 (3) A statement of the utility's existing rate base for regulatory purposes;
 (4) The physical condition of the utility facilities being purchased or sold;
 (5) The reasonableness of the purchase or sales price and terms;
 (6) The impacts of the purchase or sale on utility customers, both positive and negative;
 (7) Any required additional investment and the ability and willingness of the purchaser to make that investment, whether the purchaser is the municipality or the entity purchasing the utility from the municipality;
 (8) Alternatives to the purchase or sale and potential impact on utility customers if the purchase or sale is not made; and
 (9) The ability of the purchaser to provide and maintain high quality and cost effective utility service, whether the purchaser is the municipality or the entity purchasing the utility from the municipality.
 The municipality shall prepare a statement showing that the purchase or sale is in the public interest, including a summary of the purchaser's experience in water and sewer utility operation and a showing of financial ability to provide the service, whether the purchaser is the municipality or the entity purchasing the utility from the municipality.
Pursuant to the title of Ch. 84-84, Laws of Florida, and the body of s 2 of the act, it clearly appears that the act regulates the purchase or sale by a municipality of "a water or sewer utility" (e.s.) and sets forth certain procedures and requirements incident thereto. Accordingly, your question as to the act's applicability to the sale by the City of Hialeah of a fractional portion of the city's water and sewer utility depends on the inclusiveness of the article "a" as used in the act. When used in a statute, words of common usage should be given their plain and ordinary sense. Citizens of State v. Public Service Commission, 425 So.2d 534
(Fla. 1982); Milazzo v. State, 377 So.2d 1161 (Fla. 1979); State v. Cormier, 375 So.2d 852 (Fla. 1979). It would appear that the statute's terms are applicable to the City of Hialeah Gardens, since, as to that city, the purchase of such fractional portion of the City of Hialeah's water and sewer utility as lies within the boundaries of the City of Hialeah Gardens constitutes the purchase of "a water or sewer utility." However, it does not necessarily follow that the sale of such fractional portion of the City of Hialeah's water and sewer utility by the City of Hialeah also falls within the terms of the statute. That determination must be made on the basis of an independent analysis of the applicability of the statute to the particular circumstances of the proposed sale by the City of Hialeah.
There does not appear to be any judicial precedent in Florida which would provide a definitive answer to your question, nor does it appear that any judicial construction of the article "a" by a Florida court speaks to or addresses the issue posed herein. Moreover, my examination of the relevant legislative history materials fails to reveal that the particular issue raised by your inquiry was in any way addressed or discussed during consideration of SB 91 or Committee Substitute for SB 91, the precursors to the statute that became Ch. 84-84, Laws of Florida, as enacted by the Legislature. See, e.g., Senate Committee on Economic, Community, and Consumer Affairs, Senate Staff Analysis, revised May 24, 1984.
With respect to the use of the article "a" to modify the statutory phrase "water or sewer utility," Black's Law Dictionary states:
 The word "a" has varying meanings and uses. "A" means "one" or "any," but less emphatically than either. It may mean one where only one is intended, or it may mean any one of a great number. It is placed before nouns of the singular number, denoting an individual object or quality individualized.
 The article "a" is not necessarily a singular term; it is often used in the sense of "any" and is then applied to more than one individual object.
Black's Law Dictionary 1 (5th Ed. 1979). See also, 1 C.J.S. A. p. 1, which states:
 The indefinite article "a" is described as a prefix of vague meaning, placed before nouns of the singular number denoting an individual object or quality individualized; but, while properly placed before a singular noun, and having the meaning "one," is not necessarily a singular term, and is often used in the sense of "any," and may then be applied to more than one individual object; and it may mean one of a number, depending upon the context. [footnotes omitted]
Under the foregoing authorities, there is no suggestion that the article "a" may be used to refer to a fractional portion of a singular whole. Therefore, I am inclined to the view that the Legislature's use of the indefinite article "a" in s 2 of Ch. 84-84, Laws of Florida, in describing and requiring certain procedures to be followed with respect to the purchase or sale of "a water or sewer utility," refers to and contemplates the sale of an entire utility, not a portion or part thereof, and therefore has the effect of making such section, tentatively codified as s180.301, F.S. (1984 Supp.), inapplicable to the sale by the City of Hialeah of a fractional portion of the city's water and sewer utility to the City of Hialeah Gardens.
It is axiomatic that a court in construing a statute cannot invoke a limitation or add words to the statute that were not placed there by the Legislature that enacted the statute. Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209 (Fla. 1974). See, State v. Barquet, 262 So.2d 431 (Fla. 1972); State v. Tindell,88 So.2d 123 (Fla. 1956); Ervin v. Collins, 85 So.2d 852
(Fla. 1956). Had the Legislature intended s 180.301, F.S. (1984 Supp.), as created by s 2 of Ch. 84-84, Laws of Florida, to apply to the sale of a fractional portion of a water or sewer utility, the Legislature could have provided for such by including a qualifying phrase such as "or any portion, part or fraction thereof." In the absence of any such qualifying phrase, and pending amendment of the statute or further clarification of the legislative intent expressed therein with respect to the issue posed in your inquiry, I am unable to conclude that the plain meaning of s 2 of Ch. 84-84, Laws of Florida, using the indefinite article "a" to modify the phrase "water or sewer utility," operates to control the procedure by which the City of Hialeah acts to give final approval to the sale of a fractional portion of the City of Hialeah water and sewer system to the City of Hialeah Gardens or to establish any other requirements incident thereto.
Therefore, unless and until legislatively provided or judicially determined otherwise, I am of the opinion that the Legislature's use of the indefinite article "a" to modify the phrase "water or sewer utility" in s 180.031, F.S. (1984 Supp.), as created by s 2 of Ch. 84-84, Laws of Florida, without any further qualification or limitation as to the purchase or sale of a portion of a water or sewer utility or a part or fraction thereof, refers to and contemplates the sale of an entire utility, not a portion or fraction thereof, and thus has the effect of making s 180.301
inapplicable to the sale by the City of Hialeah of a fractional portion of the city's water and sewer utility to the City of Hialeah Gardens, such that the City of Hialeah may act to approve such sale without complying with the procedures and requirements set forth in s 180.301.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General