WARNER, J.
This dispute involves the question of whether clustered areca palms extending along a side yard between two homeowners is a hedge. If it is, then according to the Martin County Land Development Code, it must be six feet or less in height. If greater, it must comply with the setback requirements. Although the Martin County landscaping ordinance did not define “hedge,” the county determined that a hedge was made of shrubs and not trees. Because the palms were trees, which are excluded from the setback requirements, they were not a hedge. The neighbor’s stand of palms greatly exceeds six feet, and interferes with the view and air of the appellants; therefore, the appellants filed suit against their neighbor to enforce the code provisions. After a trial at which county officials and landscape experts testified, the court deferred to the interpretation of the county of its ordinance and denied enforcement of the code. We affirm, concluding that the court did not err in giving deference to the county.
“[T]he contemporaneous construction of a statute by the agency charged with its enforcement and interpretation is entitled to great weight.” PW Ventures, Inc. v. Nichols, 533 So.2d 281, 283 (Fla.1988) (citing Warnock v. Fla. Hotel & Rest. Comm’n, 178 So.2d 917 (Fla. 3d DCA 1965)). “The courts will not depart from such a construction unless it is clearly unauthorized or erroneous.” Id. (citing Gay v. Canada Dry Bottling Co., 59 So.2d 788 (Fla.1952)). “If the agency’s interpretation is within the range of possible and reasonable interpretations, it is not clearly erroneous and should be affirmed.” Fla. Dep’t of Educ. v. Cooper, 858 So.2d 394, 396 (Fla. 1st DCA 2003). “The agency’s *1269 interpretation need not be the only one or the most desirable; it is enough if that interpretation is permissible under the language of the statute.” Stuart Yacht Club & Marina, Inc. v. Dep’t of Natural Res., 625 So.2d 1263, 1267 (Fla. 4th DCA 1993) (citing Fla. Power Corp. v. Dep’t of Envtl. Regulation, 431 So.2d 684 (Fla. 1st DCA 1983)).
Areca palms are mentioned in the Land Development Code under the landscaping provisions regarding trees. See Martin County, Fla., Land Development Code, Division 15. § 4.664.B.3. Therefore, the county’s construction that use of them along a boundary line does not violate the ordinance, both because trees are excluded from the setback requirements and because they are not a hedge, has support in the wording of the code. According to the defense’s landscaping expert, he has used areca palms on boundary lines in Martin County without objection. Thus, we cannot say that the interpretation of the county of its ordinances is clearly erroneous, as it is within a range of permissible interpretations under the ordinance, even if we might disagree that this is the best interpretation of the ordinances as a whole.
Appellants rely on Pinecrest Lakes, Inc. v. Shidel, 795 So.2d 191 (Fla. 4th DCA 2001), for the proposition that the trial court did not need to give deference to the county’s interpretation of the ordinance. Pinecrest is distinguishable, as there we found that the county’s interpretation of its comprehensive plan was not entitled to deference because of the statutory right of an aggrieved party to challenge a development order’s consistency with the comprehensive plan. We reasoned that if the legislature had intended the courts to give deference to the county’s interpretation and review it under a “fairly debatable” standard, the statute would have expressly addressed that deferential standard in the statute. The statute instead permitted an aggrieved party to file suit to contest the consistency between a development order and the comprehensive plan. See § 163.3215(1), Fla. Stat. (2000). That required the judge to determine whether the development order was improper. We noted that where the judge must make that determination, “as a general matter the requirement for a determination of the propriety of the official action should not be understood as requiring the court to defer to the official whose conduct is being judged.” Pinecrest, 795 So.2d at 197. In this case, however, that portion of the ordinance which permits a party to bring a private action to enforce an ordinance, not challenge it, does not require a judge to determine the propriety of orders of county officers. Thus, the deferential standard applies.
For the foregoing reasons, we affirm the trial court.
STEVENSON and CONNER, JJ., concur.